```
              IN THE UNITED STATES DISTRICT COURT
               FOR THE SOUTHERN DISTRICT OF OHIO
                         EASTERN DIVISION
```

The Freeport Press, Inc.,       :

      Plaintiff,              :

   v.                              :        Case No. 2:12-cv-128

GoLoco Media Group, Inc., et al.:        Magistrate Judge Kemp

      Defendants.             :

### OPINION AND ORDER

This is an action for breach of contract and unjust enrichment filed by Plaintiff The Freeport Press, Inc. ("Freeport") against Defendants Goloco Media Group, Inc. ("Goloco Media"), William M. Keever, and Lighter Landing Publications, Inc. ("Lighter Landing"). This matter is before the Court on the motion of Freeport for summary judgment filed on February 27, 2013. No Defendants have responded to this motion, and the time for doing so has long passed. For the reasons that follow, the unopposed motion for summary judgment is granted in part and denied in part.

### I.  Background

Plaintiff has presented uncontroverted evidence of the following facts. On or about May 13, 2011, Defendant Goloco Media entered into a contract with Freeport regarding payment terms. (Pilcher Affidavit, Exh. A-1.) Defendant Mr. Keever signed the contract for payment terms as a personal guarantor, guaranteeing payment for all charges and/or money due to Freeport. (Id.) Freeport provided Goloco Media with goods and services pursuant to the contract. (Pilcher Affidavit, ¶3.) Freeport billed Goloco Media. (Pilcher Affidavit, Exh. A-2.) Some time prior to July 26, 2011, Goloco Media acquired Lighter Landing.

(Pilcher Affidavit, Exh. A-3.)  Defendants have failed to pay Freeport the $99,562.70 balance due on Goloco Media's account. (Pilcher Affidavit, ¶¶7-8.)

## II. Standard of Review

Summary judgment is not a substitute for a trial when facts material to the Court's ultimate resolution of the case are in dispute. It may be rendered only when appropriate evidentiary materials, as described in Fed.R.Civ.P. 56(c), demonstrate the absence of a material factual dispute and the moving party is entitled to judgment as a matter of law. Poller v. Columbia Broadcasting Systems, Inc., 368 U.S. 464 (1962).  The moving party bears the burden of demonstrating that no material facts are in dispute, and the evidence submitted must be viewed in the light most favorable to the nonmoving party.  Adickes v. S.H. Kress & Co., 398 U.S. 144 (1970).

The fact that the motion is unopposed "does not change this requirement or lessen the burden on the moving party or the court."  Guarino v. Brookfield Twp. Trustees, 980 F.2d 399, 410 (6th Cir. 1992) (citation omitted).  "When a non-moving party fails to respond, therefore, the district court must, at a minimum, examine the moving party's motion for summary judgment to ensure that it has discharged its initial burden."  Miller v. Shore Fin. Services, Inc., 141 F. App'x 417, 419 (6th Cir. 2005) (citation omitted).  Courts are not required to "comb the record from the partisan perspective of an advocate for the non-moving party," but rather courts "may rely on the moving party's unrebutted recitation of the evidence, or pertinent portions thereof, in reaching a conclusion that certain evidence and inferences from evidence demonstrate facts which are 'uncontroverted.'"  Guarino, 980 F.2d at 410.  It is with these standards in mind that the instant motion must be decided.

**III. Analysis**

This case was removed to federal court based on diversity jurisdiction.  Freeport is an Ohio company and Defendants are all citizens of Tennessee.  Freeport's motion for summary judgment does not address which state's laws govern, but for purposes of this motion, the outcome would be the same under Ohio or Tennessee law.  There are four main elements of a breach of contract claim under Ohio law: "(a) the existence of a contract; (b) performance by the plaintiff; (c) breach by the defendant; and (d) damage or loss to the plaintiff."  Thomas v. Publishers Clearing House, Inc., 29 F. App'x 319, 322 (6th Cir. 2002) (citing Doner v. Snapp, 98 Ohio App.3d 597, 649 N.E.2d 42, 44 (1994)).  There are three under Tennessee law:  "(1) the existence of a contract, (2) breach of the contract, and (3) damages [that] flow from the breach."  Hinton v. Wachovia Bank of Delaware Nat. Ass'n, 189 F. App'x 394, 398 (6th Cir. 2006) (citation omitted).  Unjust enrichment is not available when an express contract is found.  See Wuliger v. Manufacturers Life Ins. Co., 567 F.3d 787, 799 (6th Cir. 2009) ("Ohio law is clear that a plaintiff may not recover under the theory of unjust enrichment or quasi-contract when an express contract covers the same subject") (citation omitted); see also Daily v. Gusto Records, Inc., 14 F. App'x 579, 587 (6th Cir. 2001) (Tennessee law provides as a general rule that a claim for unjust enrichment is based on an implied contract, and a contract generally cannot be implied at law when a valid contract exists on the same subject matter) (citations omitted).

Freeport has provided uncontroverted evidence of the existence of a contract between itself on the one hand and Defendants Goloco Media and Mr. Keever on the other hand.  According to the affidavit of Mr. Pilcher, Freeport performed its obligations under the contract.  Also according to the affidavit

3

of Mr. Pilcher, Goloco Media and Mr. Keever breached the contract, and the breach damaged Freeport in the amount of $99,562.70 before interest, attorneys' fees and costs. Accordingly, Freeport has demonstrated that it is entitled to judgment as a matter of law on its breach of contract claim against Goloco Media and Mr. Keever.

However, the evidence submitted in support of the motion for summary judgment fails to demonstrate that Freeport entered a contract with Defendant Lighter Landing. The mere fact that Goloco Media acquired that company does not make it liable for Goloco Media's debts. Further, the record, as it stands, does not contain evidence sufficient to demonstrate a claim of unjust enrichment against Lighter Landing. The motion for summary judgment is denied as to that Defendant.

## IV. Conclusion

For the foregoing reasons, Freeport's motion for summary judgment (Doc. 35) is granted in part and denied in part. The motion is granted as to the claim for breach of contract against Defendants Goloco Media Group, Inc. and William M. Keever. The remainder of the motion is denied. Plaintiff may file a supplemental motion for summary judgment attaching additional evidence regarding Defendant Lighter Landing Publications, Inc. within fourteen days of the date of this Order. If it fails to do so, the Court will enter judgment against Defendants Goloco Media Group, Inc. and William M. Keever and dismiss the claims against Defendant Lighter Landing Publications, Inc.

/s/ Terence P. Kemp
United States Magistrate Judge